UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KEVIN ERIC SCOTT,

                              Plaintiff,

              -v-

DOROTHY ANNE HARBECK,
EXECUTIVE OFFICE FOR
IMMIGRATION REVIEW, and
UNITED STATES OF AMERICA,

                              Defendants.

22-CV-241 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

*Pro se* Plaintiff Kevin Eric Scott brings this action against Immigration Judge Dorothy

Anne Harbeck, the Executive Office for Immigration Review, and the United States alleging

breach of contract and seeking a declaration that a removal order issued against him be deemed

"null, void and/or unenforceable, per contract."  Defendants have moved to dismiss the

complaint.  For the reasons that follow, Defendants' motion is granted.

I.      **Background**

Plaintiff commenced this action by filing a complaint on January 11, 2022, naming as

defendants Immigration Judge Dorothy Anne Harbeck, the Executive Office for Immigration

Review, and the United States.  (ECF No. 1 at 1.)

Plaintiff's substantive allegations are difficult to parse.  His grievance apparently began

with a Notice to Appear ("NTA") served on February 18, 2011, as part of removal proceedings

against him.  (*Id.* at 20-21.)  According to the NTA, Plaintiff is a native and citizen of Jamaica

who is subject to removal due to prior criminal convictions and his lack of a valid immigrant

visa, reentry permit, or other valid document required by the Immigration and Nationality Act.

(*Id.*)  Plaintiff's immigration case was later assigned to Judge Harbeck.  Plaintiff does not specify

1

what occurred in the matter during the next ten years.  By October 4, 2021, Plaintiff claims to

have become "Authorized Representative and beneficiary" of a trust named after himself,

appointed Judge Harbeck as trustee of the trust, and authorized her "to access/utilize [his] private

credit to discharge the public debts associated with or accessed for the charges in the NTA."  (*Id.*

at 6.)  In exchange, Plaintiff says, he stipulated to all of the facts in the NTA.  (*Id.*)

In the simplest terms, Plaintiff claims that he paid Judge Harbeck $2.5 million, via "BID

bond, a Performance Bond, and a Payment Bond" to "settle" the removal proceeding and render

moot the NTA.  (*Id.*)  He also alleges that he sent her an "Affidavit of Individual Surety" and an

"International Bill of Exchange" in the amount of $2.5 million.  (*Id.*)  After Judge Harbeck

"failed or refused to send confirmation" that she had 'settled' the NTA, Plaintiff sent her a

notarized "Notice of Default and Opportunity to Cure."  (*Id.*)  Following Judge Harbeck's further

non-response, Plaintiff argues that she thereby accepted his purported settlement offer by default.

In his initial pleading, Plaintiff sought $1 million in damages and a declaration that the

removal order is null and void, or else unenforceable.  (*Id.* at 4.)  Following Defendants' motion

to dismiss, Plaintiff revoked his request for money damages.  (ECF No. 14 ¶¶ 5-7.)

In a letter submitted to the Court on March 18, 2022, Plaintiff requested leave to

supplement his complaint, based on his receipt of allegedly harassing mail purportedly sent by

Judge Harbeck.  (ECF No. 8.)

## II.     Legal Standard

Documents filed by *pro se* plaintiffs are "to be liberally construed."  *Erickson v. Pardus*,

551 U.S. 89, 94 (2007) (cleaned up).  Further, "a *pro se* complaint however inartfully pleaded,

must be held to less stringent standards than formal pleadings drafted by lawyers."  *Id.*  *See also*

FED. R. CIV. P. 8(f) ("All pleadings shall be so construed as to do substantial justice").

The district court may dismiss a case for lack of subject matter jurisdiction under Rule 12(b)(1) when it "lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). Further, "a plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Id.*

## III. Discussion

### A. Subject Matter Jurisdiction

Plaintiff has failed to meet his burden to prove that the Court has subject matter jurisdiction over this dispute. The Court must therefore grant Defendants' motion to dismiss pursuant to Rule 12(b)(1).[1]

In his Brief in Opposition to the Motion to Dismiss, Plaintiff clarifies that this is solely a contractual grievance. (ECF No. 14 ¶¶ 2, 3, 4, 12.) Rather than money damages, Plaintiff seeks specific performance from Judge Harbeck, requiring her to carry out the terms of the alleged 'settlement' between them. Plaintiff has waived any claims that sound in tort. (*Id.* ¶ 6.)

Interpreting Plaintiff's supposed agreement with Judge Harbeck as a valid contract is a stretch of the imagination, since the validity of any of the financial instruments he allegedly sent to her is highly questionable and, most obviously, Plaintiff's claims amount to an attempt to bribe a federal official. Nonetheless, interpreting Plaintiff's *pro se* complaint "to raise the strongest arguments that [it] suggests," *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (per curiam) (cleaned up), the law is crystal clear that this dispute cannot be heard in this Court.

---

[1] Defendants also argue that dismissal is required pursuant to Rule 8 because the complaint is "so confused, ambiguous, vague, or otherwise unintelligible" that its true substance is impossible to discern. (ECF No. 10 at 11 (citing *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988))). While Plaintiff's complaint borders on unintelligible—even fantastical—the Court concludes that the complaint, read in concert with Plaintiff's Brief in Opposition to the Motion to Dismiss, provides sufficient clarity to address the substantive issue of subject matter jurisdiction.

Actions seeking specific performance of a contract with the United States are barred by the

Tucker Act. *Presidential Gardens Assocs. v. U.S. ex rel. Sec'y of Hous. & Urb. Dev.*, 175 F.3d

132, 143 (2d Cir. 1999) ("Actions seeking specific performance of a contract, brought in order to

avoid the Tucker Act's limitation on money judgments, are not allowed to be brought against

the United States."). The Tucker Act rule applies because Plaintiff alleges that Judge Harbeck

entered into the contract as "a government representative authorized to bind the government into

contract within the scope of her duties," implying that the alleged contract is between Plaintiff

and the United States. (ECF No. 14 ¶ 4.)

Defendants' motion to dismiss is therefore granted for lack of subject matter jurisdiction.

### B.        Leave to Supplement Pleading

Finally, Defendants oppose Plaintiff's request to supplement his complaint with the facts

alleged in the March 18 letter. Federal Rule of Civil Procedure 15(d) applies when a party seeks

to plead a "transaction, occurrence or event that happened after the date of the pleading to be

supplemented." FED. R. CIV. P. 15(d). "A trial court has broad discretion in determining

whether to grant a motion to file a supplemental pleading under Rule 15(d)." *Biosafe-One, Inc.*

*v. Hawks*, 639 F. Supp. 2d 358, 370 (S.D.N.Y. 2009), *aff'd*, 379 F. App'x 4 (2d Cir. 2010).

"[L]eave to file a supplemental pleading should be freely permitted when the supplemental facts

connect it to the original pleading." *Quaratino v. Tiffany & Co.*, 71 F.3d 58, 66 (2d Cir. 1995).

"Absent undue delay, bad faith, dilatory tactics, undue prejudice to the party to be served with

the proposed pleading, or futility, the motion [to supplement the pleading] should be freely

granted." *Id.*

Plaintiff's allegations of harassment by Judge Harbeck would have no effect on the

existence of subject matter jurisdiction. Because the proposed supplementation would be futile,

Plaintiff's request for leave to supplement the complaint via Rule 15(d) is denied.

**IV.     Conclusion**

For the foregoing reasons, Defendants' motion to dismiss is hereby GRANTED, and the

complaint is dismissed.

Plaintiff's request for leave to amend or supplement the complaint, ECF No. 8, is

DENIED.

The Clerk of Court is respectfully directed to close the motion at ECF No. 9 and to close

this case.

The Clerk of Court is directed to mail a copy of this Order and Opinion to the *pro se*

party.

SO ORDERED.

Dated:  January 31, 2023
        New York, New York

_____
                J. PAUL OETKEN
            United States District Judge

5